IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sandra L. Mackey, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:06-1804-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report of United States Magistrate Judge Joseph Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[2] Sandra L. Mackey ("Mackey") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge Rogers recommends reversing the Commissioner's decision and remanding the case for further proceedings. For the reasons stated below, the court adopts the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, he is substituted as the defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

Magistrate Judge's Report and Recommendation and remands this case for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ") (R. at 18-25), and summarized as follows. At the time of the hearing before the ALJ, Mackey was a fifty-four-year-old woman with a high school education. (Id. at 19.) Her past employment includes working as a pellet press operator. (Id.) She alleges disability due to lower back pain that radiates into her hips and legs. (Id. at 19-20.)

On September 5, 2002, Mackey filed an application for DIB. (Id. at 19.) The application was denied initially and on reconsideration. On December 7, 2005, after a hearing on November 22, 2005, the ALJ found that Mackey was not disabled. (R. at 24-25.) On April 7, 2006, the Appeals Council denied Mackey's request for review. (Id. at 7.) Mackey filed the instant action on June 16, 2006.

## II. THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Mackey contended in her brief in support of her social security appeal that the ALJ erred in finding that she could perform her past relevant job of pellet press operator. Mackey asserted that the ALJ's reliance on the Dictionary of Occupational Titles' ("DOT") description of pellet press operator as requiring medium exertion was inconsistent with his previous finding that Mackey's particular past relevant job required heavy exertion. (Pl.'s Br. 2.)

The Magistrate Judge found that the Commissioner's decision was in error because "although the ALJ stated in his decision that the plaintiff had not presented evidence indicating that her past job involved different duties or functions than those contemplated by

2

the framers of the [DOT], he did not explain his reasoning." (Report and Recommendations 13.) Therefore, the Magistrate Judge found that "[w]hile the record may contain substantial evidence to support the ALJ's ultimate decision, the court would have to speculate as to his reasoning." (Id.) Accordingly, the Magistrate Judge recommends reversing the Commissioner's decision denying benefits and remanding the case to the ALJ.

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the

3

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Mackey filed no objections to the Magistrate Judge's Report and Recommendation. However, the Commissioner filed objections to the Report and Recommendation on June 29, 2007.

The Commissioner objects to the Magistrate Judge's conclusion that the ALJ erred in finding Mackey could perform her past relevant work as a pellet press operator because "the ALJ did not explain all of his reasons for classifying plaintiff's past relevant work in a lower classification than that supported by the claimant's testimony." (Report and Recommendation 13; Objections 1-2.) In support of his argument, the Commissioner contends that "in determining whether a claimant can return to her past relevant work, the ALJ may consider whether the claimant has the [residual functional capacity] to do either the specific work previously done or the same type of work as it is generally performed in the national economy." (Objections 1.) Thus, the Commissioner argues, the ALJ's finding that Mackey was not disabled was proper because "he . . . expressly noted that, as typically performed in the national economy, [the job of pellet press operator] is medium work." (Id. 2.)

The ALJ stated that "[b]ased on the claimant's description of her job duties [as a pellet press operator], that job required her to check the height and weight of pellets, monitor two tables that turned around constantly, and lift and carry 50 pounds of powder-filled buckets." (R. at 19.) Based upon this description, the ALJ found that "this job was heavy unskilled work." (Id.) Further, the ALJ concluded that Mackey could perform medium work, which would render her unable to perform the actual "functional demands" of her "particular past

4

relevant job." Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 (1982). However, the ALJ found that Mackey could perform the "functional demands and job duties of the occupation as generally required by employers throughout the national economy" because the job of pellet press operator as described by the DOT requires medium exertion. (R. at 23.)  The ALJ relied on the DOT's description of pellet press operator because he found that Mackey "ha[d] not presented evidence indicating that her past job involved different duties or functions than those contemplated by the framers of the [DOT]."  (Id.)

The court agrees with the Magistrate Judge that this statement is plainly inconsistent with the ALJ's finding that Mackey presented evidence that her particular position of pellet press operator required heavy exertion.  While "the Secretary may rely on the general job categories of the [DOT] as presumptively applicable to a claimant's prior work, . . . [t]he claimant may overcome the presumption that the Secretary's generalization applies by demonstrating that her duties were not those envisaged by the framers of the Secretary's category."  DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983).  Mackey appears to have met this burden, as the description in the DOT does not describe duties such as lifting and carrying 50 pounds of powder-filled buckets or standing the entire workday as was required in Mackey's previous position.  See Dictionary of Occupational Titles, 555.685-042. Therefore, the ALJ's statement that "the claimant has not presented evidence indicating that her past job involved different duties or functions than those contemplated by the framers of the DOT" requires explanation. (R. at 23.)  Otherwise, it is impossible to determine whether this determination was supported by substantial evidence and whether the correct law was applied.  "[I]t may be possible that the Secretary can demonstrate that it is only [Mackey's]

5

specific prior job, and not her occupation, which is not properly termed [medium work]. However, on the present record such a determination cannot be upheld." DeLoatche, 715 F.2d at 151.

Based on the foregoing, the court finds that the ALJ improperly failed to give reasons for classifying Mackey's past relevant work in a lower classification than that supported by her testimony. Therefore, the court adopts Magistrate Judge Rogers' Report and Recommendation. The decision of the Commissioner is reversed, and this case is remanded for the ALJ to determine whether Mackey can perform any past relevant work, and if not, to proceed to step five of the sequential evaluation process. See 20 C.F.R. § 404.1520.

It is therefore

**ORDERED** that the Commissioner's decision is reversed pursuant to 42 U.S.C. § 405(g), and this case is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 16, 2007